IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH SOEDER | : | |
| | : | CIVIL ACTION |
| | : | |
| MILLAR ELEVATOR SERVICES; | : | NO. 02-CV-3962 |
| SCHINDLER USA; and EASTERN | : | |
| ENGINEERING AND ELEVATOR | : | |
| COMPANY | : | |

**SURRICK, J.**                                                                                          **APRIL 18, 2003**

## MEMORANDUM AND ORDER

Presently before this Court is Plaintiff's Petition For Remand (Doc. No. 4). For the following reasons, Plaintiff's Petition will be denied.

Plaintiff's Complaint was originally filed in the Court of Common Pleas of Philadelphia County. Defendants filed a Notice of Removal to this court based on diversity jurisdiction. Plaintiff requests remand claiming that because Eastern Engineering and Elevator Company (Eastern) is a Pennsylvania corporation, the parties are not diverse.[1] Defendants object to remand contending that diversity exists because Eastern is an inactive company that elected to dissolve in 1984, and was not properly served with the Complaint in this matter.

We entered an Order on February 10, 2003, directing Plaintiff to provide proof of service on Eastern there being no evidence in the record that service had been perfected. On February 19, 2003, we received a letter from Plaintiff's counsel stating:

> "Pursuant to the Order dated February 10, 2003, in
> reference to the above captioned matter, enclosed please

---

[1] "To satisfy the jurisdictional requirements of 28 U.S.C. §1332(a)(1), the federal diversity statute, diversity must be complete; that is, no Plaintiff can be a citizen of the same state as any of the defendants." *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693 (3d Cir. 1995)(citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-17, 108 L.Ed.2d 157 (1992).

> find Plaintiff's Affidavit of Service on Defendant, Eastern Engineering and Elevator Company, indicating service on then Chief Executive Officer, Stephen Zipf, at his residential address."

Accompanying that letter was a copy of an Affidavit of Service signed by Plaintiff's counsel on July 23, 2002 attesting to the fact that service of Plaintiff's complaint and summons had been made on Stephen Zipf, Chief Executive Officer of Defendant, Eastern Engineering and Elevator Company on June 26, 2002. A close review of that Affidavit reveals, however, that the Affidavit is not for this case. The Affidavit bears the caption of a lawsuit that was filed by Plaintiff's counsel in the Superior Court of New Jersey, Camden County, under Docket No. CAM-L-3552-02 on behalf of Plaintiff against five defendants, three of which are Defendants in this case. As of this date we have received no explanation from Plaintiff's counsel.

Almost a year has passed since Plaintiff filed her Complaint in the Court of Common Pleas of Philadelphia County and service of the Complaint on Eastern Engineering and Elevator Company has apparently not been perfected. Plaintiff has failed to provide us with proof of service pursuant to the Order of February 10, 2003 and Plaintiff has not requested an extension of time to serve Eastern. Rule 4(m) provides in pertinent part that "If service of the summons and complaint is not made upon defendant within 120 days after the filing of the complaint, the Court...on its own initiative after notice to plaintiff shall dismiss the action...as to that defendant." Accordingly, we will dismiss Plaintiff's Complaint against Eastern Engineering and Elevator Company for failure to comply with Rule 4(m).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH SOEDER : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 02-CV-3962 |
| MILLAR ELEVATOR SERVICES; : | |
| SCHINDLER USA; and EASTERN : | |
| ENGINEERING AND ELEVATOR : | |
| COMPANY : | |

## **ORDER**

AND NOW, this 18th day of April, 2003, upon consideration of Plaintiff's Petition For Remand (Doc. No. 4) and papers filed in support thereof and in opposition thereto, it is ORDERED as follows:

1. Eastern Engineering and Elevator Company is DISMISSED from this case pursuant to F.R.C.P. 4(m); and

2. Plaintiff's Petition is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge