IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH SOEDER<br>                                  Plaintiff,<br>v.<br>MILLAR ELEVATOR SERVICES,<br>SCHINDLER, USA and EASTERN<br>ENGINEERING and ELEVATOR<br>COMPANY<br>                                Defendants. | CIVIL ACTION NO. 02-3962 |

**ANSWER OF DEFENDANTS MILLAR ELEVATOR SERVICE
COMPANY AND SCHINDLER ELEVATOR CORPORATION
TO PLAINTIFF'S MOTION TO DISMISS**

Millar Elevator Service Company and Schindler Elevator Corporation (hereinafter "defendants") oppose plaintiff's motion to dismiss this action without prejudice and respond to the averments in the motion as follows:

1. Defendants have denied the allegation of injury and causation.

2. Denied.  The defendants in this action are Millar Elevator Services, Schindler, USA and Eastern Engineering and Elevator Company.  The action was initially filed on May 21, 2002 in the Court of Common Pleas of Philadelphia County and Millar Elevator Service Company and Schindler Elevator Corporation removed the action to this court.  The defendant Eastern Engineering and Elevator Company was dismissed by court order dated April 18, 2003.

3. It is admitted that plaintiff filed another action in the Superior Court of New Jersey.  The action is not identical since plaintiff included ABC Elevator Manufacturing Company and XYZ Elevator Maintenance Company as defendants in the New Jersey Action.

4. Admitted.

5. No trial date has been assigned in the New Jersey action. The New Jersey Civil Practice Rules provide a 30 day time period for filing a demand for trial *de novo* and assignment to a trial list within 90 days of the demand for trial *de novo*. Rule 4:21-6.

6. Denied. Defendants have conducted all discovery in this action. Defendants have served discovery which has not been answered by plaintiff in this action. A copy of the notices of deposition and written discovery which have been served by defendants in this action are attached collectively as Exhibit "1". For reasons more fully set forth in the accompanying memorandum of law, defendants believe they will be prejudiced by dismissal of this action.

7. This action has been pending for two years and five months and plaintiff has not sought dismissal of the action until the recently filed a motion. This action is the earlier filed action and defendants believe this court should retain jurisdiction and deny plaintiff's motion to dismiss without prejudice.

**WHEREFORE,** defendants Millar Elevator Service Company and Schindler Elevator Corporation respectfully request the court to deny plaintiff's motion to dismiss.

                                                  **KITTREDGE, DONLEY, ELSON,**
                                                    **FULLEM & EMBICK, LLP**

                                                  _____
                                                  **KEITH E. JOHNSTON**
                                                  I.D. NO. 27692
                                                  400 Market Street, Suite 200
                                                  Philadelphia, PA  19106-2416
                                                  (215) 829-9900
                                                  Attorney for Defendants
                                                  Millar Elevator Service Co.
                                                  Schindler Elevator Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH SOEDER<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MILLAR ELEVATOR SERVICES,<br>SCHINDLER, USA and EASTERN<br>ENGINEERING and ELEVATOR<br>COMPANY<br><br>　　　　　　　　　　　　　Defendants. | CIVIL ACTION NO. 02-3962 |

### BRIEF OF DEFENDANTS MILLAR ELEVATOR SERVICE COMPANY AND SCHINDLER ELEVATOR CORPORATION IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

**I.    FACTUAL BACKGROUND**

In May 2002 plaintiff filed separate actions in New Jersey and Pennsylvania. The Pennsylvania action was removed by defendants Millar Elevator Service Company and Schindler Elevator Corporation to this court. The New Jersey action is pending in the Superior Court of New Jersey, Law Division, Camden County. Defendants have conducted all of their discovery in this action. A copy of the notices of deposition and written discovery served over the course of the action are attached to the motion as Exhibit "1". In addition to deposition testimony, defendants served written discovery on June 25, 2002 in this action which has not been answered by plaintiff despite several followup requests. A copy of the efforts to obtain answers to the discovery is attached as Exhibit "2". Defendants did not serve similar discovery in the New Jersey action.

　Plaintiff has waited in excess of two years before deciding to move to voluntarily dismiss this action without prejudice. Defendants oppose the dismissal.

**II.     ARGUMENT**

Federal courts have a "virtually unflagging obligation to exercise jurisdiction given to them" notwithstanding the pendency of parallel or related litigation in a state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Discretion to stay or dismiss a federal court action exists in exceptional circumstances such as where a pending state proceeding may decide a pivotal question of state law, the decision of which may remove the need for the federal court to decide a constitutional issue before it or where state law claims are alleged and federal court litigation would impair a comprehensive state regulatory scheme. There are no factors in this case which would require the court to stay or dismiss this action based solely on the fact a similar action is pending in a New Jersey State court.

**A.     THE MOTION TO DISMISS UNDER RULE 41(a)(2) IS ADDRESSED TO THE COURT'S DISCRETION.**

Plaintiff has requested a dismissal pursuant to Rule 41(a)(2). A decision on the motion is within the discretion of the court. *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974). The various factors which the court may consider in deciding whether to grant a Rule 41(a)(2) motion are the plaintiff's diligence in bringing the motion, any undue vexatiousness on plaintiff's part, the extent to which this suit has progressed, including the defendants' effort and expense in preparing for trial, the duplicative expense of re-litigation, and the adequacy of the plaintiff's explanation for the need to dismiss. *Zagano v. Fordam University*, 900 F.2d 12 (2d Cir. 1990), *cert denied* 498 U.S. 899; *Citizens Saving Assoc. v. Franciscus*, 120 F.R.D. 22 (M.D. Pa. 1988). The court should also consider whether defendant will suffer plain legal prejudice if the action is dismissed. The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which will prejudice the opposing party and to permit the court to impose curative conditions to avoid such prejudice. Whether a voluntary dismissal would be prejudicial to a defendant depends upon the circumstances of each case.

*Id.* at 24.

In this case defendants have served and noticed all of their discovery under the federal court caption. The interrogatories and request for production which were served on June 25, 2002 have not been answered by plaintiff and specific requests for documents made both within the request for production and renewed during the deposition of plaintiff have not been complied with. The discovery end date in the New Jersey action was October 12, 2004 and defendants are able to obtain the discovery to which they are entitled in this action only.

Although plaintiff has produced expert reports in the New Jersey action, the information provided does not meet the disclosure requirements of F.R.C.P. 26. Federal Rule of Civil Procedure 26(a)(2) requires the production of any written report which contains a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinion; any exhibits to be used as a summary of or support for the opinion; the qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding 4 years. Rule 26(b)(4) permits a party to depose any person who has been identified as an expert witness whose opinions may be presented at trial.

Defendants will also be prejudiced by dismissal of this action in their ability to present witnesses at the time of trial. A subpoena issued by this court may be served any place within the Eastern District of Pennsylvania or any place outside the Eastern District that is within 100 miles of the courthouse. Federal Rule of Civil Procedure 45. In contrast, the subpoena power of the New Jersey Superior Court is limited to the boundaries of New Jersey. New Jersey Rule 1:9-4.

3

Plaintiff lives in Pennsylvania and all of her treating physicians have offices located in Pennsylvania. Although the incident happened at Cooper Hospital which is located in Camden, New Jersey, a number of non-party witnesses reside in Pennsylvania including Gerald Kiesewetter, Steven Heintz, Harry Sloan and all of plaintiff's treating physicians which are Jeanes Hospital, Thomas Jefferson University Hospital, Ellen C. Maitin, James S. Raphael, Gerald H. Slobinsky, Stephen E. Sachs, Elliott L. Mancall and Dr. Craig Sutton. Because the ability to subpoena witnesses and documents in the federal court action is not limited by state boundaries, defendants will be able to compel the appearance of witnesses located in both Pennsylvania and New Jersey to appear at trial in this court.

Courts in this district have denied a motion to voluntarily dismiss where the motion is made at a late stage of the litigation and does not offer any explanation for the delay in filing the motion. *See e.g. Barron v. Caterpillar, Inc.,* 1996 U.S. Dist. LEXIS 11496.

### B. IN THE ALTERNATIVE, IF THE COURT DECIDES TO GRANT THE PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL THIS COURT SHOULD IMPOSE CONDITIONS ON THE DISMISSAL.

Even if the court decides the prejudice to defendant is not serious enough to deny plaintiff's motion for dismissal without prejudice, the court can avoid prejudice by imposing terms and conditions on the dismissal. *San Marco v. City of St. Petersburg*, 185 F.R.D. 679 (Fla. 1999). As previously discussed all of defendants' discovery has been conducted under the federal court caption and at a minimum any dismissal should be conditioned upon the ability to use any documents produced in response to federal subpoenas and any testimony obtained by defendants in the New Jersey action. Plaintiff should also be required to answer the outstanding discovery served in this case as a condition to dismissal of the federal court action.

This court may also impose as a condition on the dismissal that plaintiff reimburse

4

defendants for a portion of litigation expenses, including attorneys fees and costs. *Total Containment, Inc. v. Aveda Mfg. Corp.*, 1990 U.S. Dist. LEXIS 16637 (this condition is commonly imposed); *Shulley v. Mileur,* 115 F.R.D. 50, 52 (M.D. Pa. 1987) (awarding attorney's fees as a condition to voluntary dismissal is very common). *Citizens Saving Assn., supra.*

### III.   CONCLUSION

For the above stated reasons defendants respectfully request the court to deny plaintiff's motion to dismiss, or, in the alternative, to impose conditions requested by defendants on the dismissal to avoid prejudice resulting from a dismissal of this action.

Respectfully submitted,

**KITTREDGE, DONLEY, ELSON,
   FULLEM & EMBICK, LLP**

_____
**KEITH E. JOHNSTON**
I.D. NO. 27692
400 Market Street, Suite 200
Philadelphia, PA  19106-2416
(215) 829-9900
Attorney for Defendants
Millar Elevator Service Co.
Schindler Elevator Corporation

## **CERTIFICATE OF SERVICE**

      I, Keith E. Johnston, Esquire, hereby certify that I caused to be served, this 29th day of October, 2004, a true and correct copy of the foregoing Answer of Defendants to Plaintiff's Motion to Dismiss and supporting brief, by regular mail, postage pre-paid and addressed as follows:

      Alan Starker, Esquire
      Messa & Associates, P.C.
      123 South 22nd Street
      (SE Cor. of 22nd & Sansom Sts.)
      Philadelphia, PA  19103

                                                                                                                    _____
                                                                                                                    KEITH E. JOHNSTON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH SOEDER<br><br>          Plaintiff,<br><br>  v.<br><br>MILLAR ELEVATOR SERVICES, SCHINDLER, USA and EASTERN ENGINEERING and ELEVATOR COMPANY<br><br>          Defendants. | CIVIL ACTION NO. 02-3962 |

### ORDER

**AND NOW,** this _____ day of _____, 2004, upon consideration of plaintiff's motion to dismiss and the response thereto is hereby **ORDERED** and **DECREED** that the motion is **DENIED**.

                 **BY THE COURT:**

                 _____

                 **Juan R. Sanchez,** *J.*