## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBORAH SOEDER** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO. 02-3962** |
| **MILLAR ELEVATOR SERVICES, SCHINDLER, USA and EASTERN ENGINEERING and ELEVATOR COMPANY** | |
| **Defendants.** | |

## NOTICE OF DEPOSITION

**TO:**   William J. D'Annunzio, Esquire
Messa & Associates, P.C.
123 South 22nd Street
Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, defendant by undersigned counsel will take the deposition upon oral examination of plaintiff **Deborah Soeder**, before a person authorized to administer oaths and take testimony, which deposition will take place at the offices of **Messa & Associates, 123 South 22nd Street, Philadelphia, Pennsylvania 19103**, on **Wednesday, November 12, 2003** beginning at **10:00 a.m.** and continuing from day to day until completion.

You are invited to attend and participate in the depositions.

KITTREDGE, DONLEY, ELSON,
FULLEM & EMBICK, LLP

KEITH E. JOHNSTON, I.D. No. 27692
421 Chestnut Street, 5th Floor
Philadelphia, PA 19106-2416
(215) 829-9900
Attorney for Defendants, Millar Elevator Service Co.
and Schindler Elevator Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH SOEDER<br><br>                              Plaintiff,<br><br>                  v.<br><br>MILLAR ELEVATOR SERVICES,<br>SCHINDLER, USA and EASTERN<br>ENGINEERING and ELEVATOR<br>COMPANY<br><br>                              Defendants. | CIVIL ACTION NO. 02-3962 |

## NOTICE OF DEPOSITION

**TO:**    Alan Starker, Esquire
Messa & Associates, P.C.
123 South 22nd Street
(SE Cor. of 22nd & Sansom Sts.)
Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, defendant by undersigned counsel will take the deposition upon oral examination of **Al Patterson**, before a person authorized to administer oaths and take testimony, which deposition will take place at the offices of **Kittredge, Donley, Elson, Fullem & Embick, 400 Market Street, Suite 200, Philadelphia, Pennsylvania 19106**, on **Friday, October 1, 2004** beginning at **10:00 a.m.** and continuing from day to day until completion.

You are invited to attend and participate in the deposition.

KITTREDGE, DONLEY, ELSON,
FULLEM & EMBICK, LLP

KEITH E. JOHNSTON, I.D. No. 27692
400 Market Street, Suite 200
Philadelphia, PA 19106-2416
(215) 829-9900
Attorney for Defendants, Millar Elevator Service Co.
and Schindler Elevator Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBORAH SOEDER** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO. 02-3962** |
| **MILLAR ELEVATOR SERVICES, SCHINDLER, USA and EASTERN ENGINEERING and ELEVATOR COMPANY** | |
| **Defendants.** | |

## NOTICE OF DEPOSITION

TO:    Joseph L. Messa, Jr., Esquire
       Messa & Associates, P.C.
       123 South 22nd Street
       (SE Cor. of 22nd & Sansom Sts.)
       Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure,

defendant by undersigned counsel will take the deposition upon oral examination of the

following medical providers: **Records Custodian, Cooper Heath System, Stephen E. Sacks,**

**D.O., Gerald Skobinsky, D.O., Ellen C. Maitin, M.D., Elliott L. Mancall, M.D., James S.**

**Raphael, M.D. and Cooper Occupational Health,** before a person authorized to administer

oaths and take testimony, which deposition will take place at the offices of **Kittredge, Donley,**

**Elson, Fullem & Embick, 421 Chestnut Street, 5th Floor, Philadelphia, Pennsylvania 19106,**

on **Thursday, August 28, 2003** beginning at **10:00 a.m.** and continuing from day to day until

completion.

You are invited to attend and participate in the depositions.

KITTREDGE, DONLEY, ELSON,
FULLEM & EMBICK, LLP

KEITH E. JOHNSTON
I.D. NO. 27692
421 Chestnut Street, 5th Floor
Philadelphia, PA  19106-2416
(215) 829-9900
Attorney for Defendants
Millar Elevator Service Co.
Schindler Elevator Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBORAH SOEDER** <br><br>                      **Plaintiff,** <br><br>        **v.** <br><br> **MILLAR ELEVATOR SERVICES,** <br> **SCHINDLER, USA and EASTERN** <br> **ENGINEERING and ELEVATOR** <br> **COMPANY** <br><br>                     **Defendants.** | **CIVIL ACTION NO. 02-3962** |

### NOTICE OF DEPOSITION

**TO:**    Heidi G. Villari, Esquire
            Messa & Associates, P.C.
            123 South 22nd Street
            Philadelphia, PA 19103

      **PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, defendant by undersigned counsel will take the deposition upon oral examination of the following medical providers: **Records Custodian, Thomas Jefferson University Hospital, Department of Radiology, Dr. Douglas Craig Sutton, Scibal Associates, Inc., and Aetna Health, Inc.,** before a person authorized to administer oaths and take testimony, which deposition will take place at the offices of **Kittredge, Donley, Elson, Fullem & Embick, 421 Chestnut Street, 5th Floor, Philadelphia, Pennsylvania 19106,** on **Tuesday, December 30, 2003** beginning at **10:00 a.m.** and continuing from day to day until completion.

You are invited to attend and participate in the depositions.

KITTREDGE, DONLEY, ELSON,
FULLEM & EMBICK, LLP

KEITH E. JOHNSTON
I.D. NO. 27692
421 Chestnut Street, 5th Floor
Philadelphia, PA  19106-2416
(215) 829-9900
Attorney for Defendants
Millar Elevator Service Co.
Schindler Elevator Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DEBORAH SOEDER**

                                    Plaintiff,

                v.

**MILLAR ELEVATOR SERVICES,
SCHINDLER, USA and EASTERN
ENGINEERING and ELEVATOR
COMPANY**

                                    Defendants.

**CIVIL ACTION NO. 02-3962**

## NOTICE OF DEPOSITION

**TO:**    Alan Starker, Esquire
        Messa & Associates, P.C.
        123 South 22nd Street
        (SE Cor. of 22nd & Sansom Sts.)
        Philadelphia, PA  19103

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, defendants Schindler Elevator Corporation and Millar Elevator Service Company by undersigned counsel will take the deposition upon oral examination of the following medical provider:

**Records Custodian, Department of Radiology, Thomas Jefferson University Hospital,**

before a person authorized to administer oaths and take testimony, which deposition will take place at the offices of **Kittredge, Donley, Elson, Fullem & Embick, 400 Market Street, Suite 200, Philadelphia, Pennsylvania 19106,** on **September 21, 2004** beginning at **10:00 a.m.** and continuing from day to day until completion.

You are invited to attend and participate in the depositions.

**KITTREDGE, DONLEY, ELSON,
FULLEM & EMBICK, LLP**

KEITH E. JOHNSTON
I.D. NO. 27692
400 Market Street, Suite 200
Philadelphia, PA  19106-2416
(215) 829-9900
Attorney for Defendants
Millar Elevator Service Co.
Schindler Elevator Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBORAH SOEDER

                                    Plaintiff : CIVIL ACTION

                v.

MILLAR ELEVATOR SERVICES,                    NO.  02-3962
SCHINDLER, USA and EASTERN
ENGINEERING and ELEVATOR
COMPANY

                                    Defendants.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Schindler Elevator Corporation and Millar Elevator Service Company, by

their attorneys, Kittredge, Donley, Elson, Fullem & Embick, LLP, hereby request the plaintiff to

produce for examination and copying pursuant to F.R.C.P. 34, the following:

## DEFINITIONS

1.      The term "Documents" is an all-inclusive term referring to any writing and/or

recorded or graphic matter, however produced or reproduced.  The term "documents" includes,

without limitation, correspondence, memoranda, interoffice communications, minutes, reports,

notes, schedules, computations, analyzes, drawings, diagrams, specifications, tables, graphs,

charts, maps, surveys, books of account ledgers, invoices, receipts, quotations, bids, purchase

orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs,

proposals, printouts, recordings, telegrams, photographs, films, tests, studies, and all other

documents, tangible or retrievable of any kind.  "Documents" also includes any preliminary notes

and drafts of all the foregoing, in whatever form, for example: printed, typed, long-hand, short-

hand, on paper, paper tape, tabulating cards, ribbon, blueprints, magnetic tape, microfilm, motion

picture film, videotape, photograph records, or other forms.  In all cases where originals and/or non-identical copies are available, "document" also means copies thereof.

 2. The term "Statements" is an all-inclusive term referring to any written utterance whether or not it is signed or otherwise adopted or approved by the person making it and any oral utterance which has been contemporaneously recorded by stenographic, mechanical, electrical, or any other means or had been transcribed from such a recording as to be a substantially verbatim recital of the verbal expression of the person making it.

 3. The term "person" means and refers to a natural person, corporation, company, trust, sole proprietorship, estate, partnership, joint venture, or any other entity.

## INSTRUCTIONS

 1. Each document produced should be separately marked or identified as relating to a specific Request or Requests.

 2. Whenever the name of any person (as that term is defined above) is referred to in any Request, the Request includes any document relating to that person's partners, subsidiaries, affiliated or related corporations and their respective predecessors or successor and their respective officers, directors, agents, servants, employees, representatives, accountants and attorneys.

 3. If you claim that the attorney-client, attorney work product, or any other privilege is applicable to any document which is sought by this Request, you shall, with respect to that document:

   (a) state the date of the document;

   (b) identify each and every author of the document;

   (c) identify each and every other person who prepared or participated in the

preparation of the document;

(d)    identify each and every person who received the document;

(e)    identify each and every person from whom the document was received;

(f)    state the present location of the document and all copies thereof; and

(g)    identify each and every person who has or ever had possession, custody or control of the document or any copy thereof.

## ITEMS REQUESTED

1.    All documents relating to the damage allegedly sustained by the plaintiff as a result of the occurrence described in plaintiff's Complaint, including medical bills, reports, and records.

2.    All documents, including medical bills, reports and records, relating to prior injury to the same parts of the body claimed to be injured by plaintiff as a result of the occurrence described in plaintiff's Complaint.

3.    All employer's reports, tax returns, attendance records and wage statements relating to the plaintiff's loss of income as a result of the occurrence alleged in plaintiff's Complaint, including income tax returns for the three years before the date of the alleged accident and for each year thereafter.

4.     Any and all documents relating to all of the paragraphs in plaintiff's complaint;

5.     The entire contents of any investigative file or files and any other documentary material in your possession which supports or which is in any way related to the allegations contained in the pleadings filed in this action.

6.     Any and all statements concerning this action from all witnesses including all statements from the parties herein, or their respective agents, servants or employees.

7.     The originals, clear-copies, or the negatives of any photographs relating to the above-captioned claim, including but not limited to the locale or surrounding area of this accident or occurrence, the injuries sustained by the plaintiff, or any other matter or things involved in this accident or occurrence in your possession or under your control, or that of your agents, servants, workmen and/or employees or counsel.

8.     The original or a legible copy of any and all statements, reports, or memoranda setting forth the facts disclosed in any and all surveys, inspections, tests or investigations with reference to the above-captioned claim in your possession or under the control of you, your

agents, servants, workmen and/or employees or counsel.

9.    A copy of any written incident or accident report signed or prepared by you or on your behalf for your employer or an insurance carrier.

10.    All writings, statements, descriptions, notice of loss reports, incident reports, and any and all documents in the possession of you, your counsel, or your, its, his or her agents, servants, workmen, or employees, pertaining to this incident upon which this suit is based, and pertaining to all aspects of the incident, claim or accident which gave rise to the instant cause of action.

11.    All diagrams, blueprints, plans, specifications, pictures, sketches of the scene, and/or instrumentalities involved and/or manner in which this incident occurred.

12.    Any and all reports or documents obtained from any government agency or police department pertaining to the incident or occurrence in question.

13.    Any and all documents containing the names and home and business addresses of

all individuals contacted as potential witnesses.

14.    Reports of any and all experts who will testify at trial.

15.    Any and all press releases in your possession.

16.    All documents relating to other accidents involving plaintiff before and after this accident.

17.    All records and documents relating to any other claims, including workers compensation claims, made by plaintiff for this accident.

19.    The current resume or curriculum vitae of each expert who you expect to call as a

witness during the trial of this action, or who has been identified in Answers to Interrogatories.


KITTREDGE, DONLEY, ELSON, FULLEM
& EMBICK, LLP

BY:_____

KEITH E. JOHNSTON - #27692
421 Chestnut Street - 5th Floor
Philadelphia, PA 19106
(215) 829-9900

Attorney for Defendants,
Schindler Elevator Corporation and
Millar Elevator Service Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH SOEDER** | | |
| | Plaintiff | **CIVIL ACTION** |
| v. | | |
| | | **NO.   02-3962** |
| **MILLAR ELEVATOR SERVICES,** **SCHINDLER, USA and EASTERN** **ENGINEERING and ELEVATOR** **COMPANY** | | |
| | Defendants | |

## INTERROGATORIES ADDRESSED TO PLAINTIFF

Defendants, Schindler Elevator Corporation and Millar Elevator Service Company, by their attorneys, Kittredge, Donley, Elson, Fullem & Embick, LLP, serve the within interrogatories for answer by plaintiff pursuant to the Federal Rules of Civil Procedure.  These interrogatories are continuing and any information secured subsequent to the filing of your Answers, which would have been included in your Answers had it been known or available, is to be supplied by Supplemental Answers.

     1.     To the extent known to you, your attorney, or other representative, set forth the name and home and business addresses of the following persons:

        (a)     those who actually saw the accident;

        (b)     those who did not see the accident but were present at or near the scene at the time of the accident;

(c)    those who have knowledge of or information as to any facts pertaining to the cause of the accident or the acts or negligence averred in your Complaint.

2.    List all expenses (special damages) which you claim resulted from the accident (answer, even if duplicated in other Answers).

3.    Set forth the name and address of each hospital, nursing home, clinic, or other institution in which you have been confined, examined, or received outpatient treatment because of the accident, with dates of confinement and outpatient treatment received, the charges for same and the amount of each such charge that has been paid and by whom.

4.    Set forth the name and address of each doctor, nurse, or other person who examined, treated, or rendered services to you because of this accident; the inclusive dates of such services and the number of visits; the charges for same; and the amount of each such charge that has been paid and by whom.

5.    If x-rays were taken of you because of this accident, state the names and addresses of the persons taking same; the date taken; the parts of the body x-rayed; the charges; the amount of each such charge that has been paid and by whom.

6.    When and by whom were you last examined or given medical attention for the injuries received in this accident?

7.    If you are still being treated for the injuries received in this accident, state by whom and how frequently such treatments are being given now.

8.    If you were not hospitalized, or after such hospitalization was over, and you were confined to bed or confined to the house as a result of injuries sustained in this accident, state the period of any such confinement.

9.    If at the time of answering these Interrogatories you have any scars or are disfigured in any way as a result of this accident, describe said scars and/or disfigurement.

10.    If prior to the accident you ever suffered any injury or illness involving any part or function of the body as to which you claim injury or damage in the accident, set forth the nature of such injury or illness, the dates of same, the cause of same and the name and address of doctors and hospitals by which you were treated for same;

   (a)    if you allege that the accident here involved aggravated a preexisting condition, state:

      (i)    whether you had recovered from said condition at the time of the accident here involved and the approximate date of your recovery;

(ii)    the name and address of each hospital or other institution to which you had gone for examination and/or treatment and the date of your last visit;

(iii)    the name and address of each doctor or other person to whom you had gone for examination and/or treatment and the date of your last visit;

(iv)    the date said preexisting condition manifested itself;

(v)    the cause, if known, of said preexisting condition;

11.    If prior or subsequent to the accident you were involved in any other accidents involving injuries to any part of parts of the body which you claim to have been injured in this case, set forth the places and dates of such accidents; the injuries sustained by you, if any; the names and address of all other parties involved; whether or not you are or have made claim for such injuries; and the court, term, and number of all litigation arising therefrom.

12.    If you are making any claim for loss of earnings or impairment of earning power because of this accident, set forth the following information:

(a)    the name and address of your employer and your job title and description of duties; and your monthly or weekly rate of pay at the time of this accident;

(b)    if you had more than one employer during the five-year period preceding the accident, the state the name and address of each such employer, other than the one mentioned in (a) above, your job title, pay rate, and the inclusive dates of such employment during the said five-year period;

(c)    your adjusted gross income and your net income after taxes as shown on your income tax return for each of the three years preceding the accident and each year since the accident;

(d)    state the inclusive dates during which you allege you were unable to work as a result of this accident and the total amount of earnings you lost because of this absence;

(e)    state the date on which you first returned to work following the accident and state the name and address of each employer you have worked for with inclusive dates of employment, each job title you have held and each monthly or weekly rate of pay which you have received from the date of starting work again after the accident until the present time;

(f)    if self-employed, state the address of your usual place of business; the name under which you operate it; the nature of your business; name and address of your accountant; amount you claim to have lost as a result of the accident; how same was calculated;

(g)    if self-employed, state the name and address of each employee hired as a result of your disability, if any, and the dates of such employment and the amount of money paid to each such employee.

13.    If claim is made for household help, state whether or not you had any household help prior to the accident; state name, address, and period of employment of each person so employed; and the increased or actual cost of such help resulting from the accident.

14.    State in detail what injuries you sustained in the accident upon which this suit is based, and the approximate date of which you recovered from such injury.

15.    If you have not fully recovered from your injuries, state in what respects you have not fully recovered.

16.    State:

(a)    your age;

(b)    date of birth;

(c)    place of birth;

(d)    Social Security number;

(e)    service and inclusive dates of military service;

(f)    dates, place and spouse's name of each marriage;

(g)    name, age, and address of each dependent;

(h)    present home address;

(i)    Blue Cross number;

(j)    Blue Shield number;

(k)    Veteran's Claim number; and

(l)    all names by which you are or have been known.

17.    State your educational background, identifying the names and addresses of high schools, colleges or universities attended, the dates of attendance and your major courses of study followed at any college or university, describing diplomas, degrees and certificates obtained, including the date(s) of receipt thereof.

18.    State the name and address of each individual who has acted as your personal physician or family doctor and indicate the years during which that individual acted as your personal physician or family doctor.

19.    State whether you have participated as a party or a witness in any civil lawsuit or criminal proceedings other than the present action and list the caption (title), court term and number of the lawsuit or proceeding.

20.    State whether you have received, or agreed to receive from any party any sum or thing of value for any injuries or damages resulting from the accident referred to in the Complaint including worker's compensation benefits  and, if so, state amounts received or to be received, dates of payments, and names and addresses of payers.

21.    State the name and home and business addresses of all persons you expect to call as expert witnesses, including medical witnesses, at the trial of the above-captioned matter.

22.    For each person named in answer to Interrogatory No. 21, state the following:

(a)    his occupation; and

(b)    whether he specializes in any field, and if so, his area or area of specialization.

23.    For each person named in answer to Interrogatory No. 21, set forth his qualifications including, but not limited to the following:

(a)    the schools or training programs that each has attended, including the years in attendance and degrees or certificates, etc. received;

(b)    experience in particular fields of endeavor, whether related or unrelated to their areas of specialization, including names and addresses of employers with the years of employment; and

(c)    a list of all publications authored by said person, including the title of the work, the name of the periodical or book in which it was printed, and the date of publication.

(NOTE:  If any of the persons listed in answer to Interrogatory No. 21 has printed or mimeographed resumes or curriculum vitae or other summaries of qualification which provide all information requested herein, you may attach a copy of same in lieu of answering this Interrogatory.)

24.    For each person named in answer to Interrogatory No. 21, set forth the following:

(a)    the subject matter on which the expert is expected to testify;

(b)    the substance of the facts to which the expert is expected to testify;

(c)    the substance of the opinions to which the expert is expected to testify;

(d)    the factual information and material supplied to each expert; and

(e)    a summary of the grounds for each opinion of the expert including, but not limited to, any textual material, any tests or experiments conducted upon which the expert witness will rely.  For any such texts, please identify the name of the text, the author, the edition, the year of publication and the page or pages of said text to be relied upon.

(NOTE:  If the person or persons listed in answer to Interrogatory No. 21 has provided you with a report which provides all of the information requested herein, you may attach a copy of same in lieu of answering this Interrogatory.)

25.    Set forth in detail the factual information supplied to each expert including, but not limited to, the following:

(i)    all documents, objects and materials examined by the expert including, but not limited to, x-rays, laboratory reports or analysis and any and all medical records or reports;

(ii)    the source of each document, object or material examined by the expert;

(iii)    the date and place of examination of said document, object or material by the expert;

(iv)    a description of all photographs, movies, videotapes, plans, drawings, sketches or other documents reviewed by each such expert; and

(v)    any locations, sites or facilities visited by the expert.

26.    State the name and address of any expert not identified in answer to Interrogatory No. 21 whom you have consulted or retained in connection with the accident which is the subject of this litigation.

27.    For each person named in answer to Interrogatory No. 26, set forth his

qualifications including, but not limited to, the following:

     (a)    the schools or training programs that each has attended, including the years in attendance and degrees or certificates, etc.;

     (b)    experience in particular fields of endeavor, whether related or unrelated to their areas of specialization, including names and addresses of employers with the years of employment; and

     (c)    a list of all publications authored by said person, including the title of the work, the name of the periodical or book in which it was printed, and the date of publication.

(NOTE: If any of the persons listed in answer to Interrogatory No. 26 has printed or mimeographed resumes or curriculum vitae or other summaries of qualification which provide all information requested herein, you may attach a copy of same in lieu of answering this Interrogatory.)

28.    With respect to each of the experts named in Interrogatory No. 26, state specifically the following:

     (a)    the subject matter on which the expert has knowledge;

     (b)    the substance of the facts and opinions of said expert; and

(c)    a summary of the grounds for each opinion.

(NOTE: If the person or persons listed in answer to Interrogatory No. 26 has provided you with a report which provides all of the information requested herein, you may attach a copy of same in lieu of answering this Interrogatory.)

29.    With respect to each person named in answer to Interrogatory No. 21, state the full captions of all cases in which that person has testified in the past five (5) years. If the full captions are unavailable, give the names of the cases and state the names of each Court in which they were tried, as well as the approximate date of trial.

30.    Is it contended that the incident alleged in the Complaint was caused in whole or in part by the elevator in question being in a defective, dangerous and/or harmful condition due to the design or manufacture thereof? If so, state:

(a)    the name and address of each person having any information concerning or knowledge of this contention;

(b)    itemize and identify each tangible item in the possession of the plaintiff or anyone acting on the plaintiff's behalf tending to show or support this contention;

(c)    the specific part number, description, or other identity of each portion or component part of the elevator in question which is contended to be defective, dangerous, or in a harmful condition;

(d)    each contended defect, dangerous, and/or harmful condition;

(e)    when and how each such contended defect, dangerous and/or harmful condition was manifested to the plaintiff;

(f)    how and in what manner each such contended defect, dangerous and/or harmful condition caused or contributed to the incident alleged;

(g)    what, if anything you contend each defendant did to cause each such alleged defect, dangerous and/or harmful condition; and

(h)    what, if anything you contend each defendant did not do to prevent each such alleged defect, dangerous and/or harmful condition.

31.    Is it contended that the incident alleged in the complaint was caused in whole or in part by the elevator in question malfunctioning?

(a)    the name and address of each person having any information concerning or knowledge of this contention;

(b)    itemize and identify each tangible item in the possession of the plaintiff or anyone acting on the plaintiff's behalf tending to show or support this

contention;

(c)    the specific part number, description, or other identity of each portion or component part of the elevator in question which is contended to have malfunctioned;

(d)    each contended malfunction;

(e)    when and how each such contended malfunction was manifested to the plaintiff;

(f)    how and in what manner each such contended malfunction caused or contributed to the incident alleged; and

(g)    what, if anything you contend each defendant did not do to prevent each contended malfunction.

32.    Is it contended that the incident alleged in the complaint was caused in whole or in part by any breach of express or implied warranty by the defendant with regard to the elevator in question?  If so, state:

      (a)    the name and address of each person having any information concerning or knowledge of this contention;

      (b)    itemize and identify each tangible item in the possession of the plaintiff or anyone on the plaintiff's behalf tending to show or support this contention;

      (c)    the verbatim text of each such warranty;

      (d)    identify and describe the writing containing it and how the plaintiff came into contact with this writing;

      (e)    the substance if each such oral warranty;

      (f)    set forth the date and place where this oral warranty was made along with the name, address, and employee status of the person(s) making such warranty;

      (g)    the specific manner in which it is alleged that each such warranty was

breached; and

    (h)    the specific manner in which the plaintiff sustained the injuries claimed to have been suffered by relying upon each such warranty.

33.    Do you or does your representative have any information or knowledge that the elevator violated any federal, state or municipal law, ordinance, statute and/or regulation? If yes, state:

    (a)    the exact law, ordinance, statute or regulation which you claim was violated;

    (b)    the facts and circumstances surrounding your belief that the elevator violated the law, ordinance, statute or regulation described in (a) above;

    (c)    the specific language in the law, ordinance, statute or regulation which you are relying on to establish a violation of same and a citation to that language; and

    (d)    the name and address of any individual who will testify at the trial or arbitration hearing of this matter to such violation.

34.    Do you or does your representative presently have any information or knowledge

that the elevator did not conform to prescribed safety standards? If yes, state:

    (a)    the set of safety standards which you allege were not complied with, the promulgator of such standards and the specific section or regulation which you claim was violated;

    (b)    the name and address of any person who will testify at the trial of this matter to such nonconformance; and

    (c)    the name and address of all persons who have information or knowledge concerning the same.

    35.    Do you or does your representative have any information or knowledge that the condition complained of in plaintiff's complaint was caused or contributed to by a failure or breakage of a part, assembly or subassembly of the elevator? If yes, state:

    (a)    the precise identity of that part assembly or subassembly; and

    (b)    the name and address of any person who will testify to the same at the trial of this matter.

36.    Do you or does your representative have any information or knowledge that the elevator was improperly designed?  If yes, state:

     (a)    the particular characteristic, feature or aspect of the design that you contend was improper;

     (b)    how the design caused or contributed to the occurrence; and

     (c)    state the name and address of any person who will testify to same at the trial or arbitration hearing of this matter.

37.    Do you contend that the elevator should have been designed in a different manner?  If so, state:

     (a)    the name of each and every component that you contend should have been designed in a different manner;

     (b)    as to each component listed in response to (a), identify the design that you contend should have been used;

     (c)    as to each design identified in response to (b), state the name and address of the person, or corporation who owns the right to that design;

(d)    as to each design identified in response to (b), state the name of address of each person who has tested or used that design; and

(e)    the name and address of any person who will testify to same at the trial of this matter.

38.    Do you or your representative have any information or knowledge that the elevator, either before or after the occurrence here involved, operated in a manner identical or similar to that elevator operation complained of in your complaint?  If yes, state:

(a)    the date of such operation;

(b)    the name and address of any person having information or knowledge concerning the same; and

(c)    identify any report or memorandum prepared as a result of such operation, as well as the name and address of the person presently having possession or custody of same.

39.    Has anyone retained by you and considered by you or your representative to be an expert, performed any inspection, examination or test of the elevator?  If yes, state:

      (a)    the date of each inspection, examination or test;

      (b)    the name and address of the person performing each inspection, examination or test;

      (c)    the result of each inspection, examination or test; and

      (d)    identify any report or memorandum prepared as a result of each inspection, examination or test, as well as the name and address of the person presently having possession or custody of same.

Request to Produce:  Please consider this a request to produce all documents referred to in your answer to paragraph (d) of the preceding interrogatory.

40.     For each expert identified in your answer to the preceding interrogatory, state if he/she has ever consulted as an expert regarding a condition identical or similar to that condition complained of in your Complaint or an engineering principle identical or similar to the engineering principle to be advanced by said expert at the trial or arbitration hearing of this matter. If so, state:

      (a)     the date on which the condition occurred;

      (b)     the geographical location at which the condition took place;

      (c)     the name of all persons injured or otherwise experiencing the condition;

      (d)     the name and address of the person retaining the expert; and

      (e)     identify any report or memorandum by the expert in conjunction with his retention as an expert as well as the name and address of the person presently having possession or custody of same.

    Request to Produce:  Please consider this a request to produce each report or memorandum identified in your answer to paragraph (e) of the preceding interrogatory.

41.    State the machine or serial number of the elevator.

42.    Did you at any time after the occurrence here involved notify any person, entity or organization of the occurrence?  If yes, state:

      (a)    the date on which you first notified that person, entity or organization;

      (b)    the name and address of the person, entity or organization who you notified;

      (c)    the manner in which such identification was given, and if in writing, the name and address of the person presently having possession or custody of same.

Request to Produce:  Please consider this a request to produce each writing referred to in your answer to paragraph (c) of the preceding interrogatory.

43.    Do you or your representative have any information or knowledge that this defendant was aware of the condition complained in your complaint at any time before the date of your accident? If yes, state:

      (a)    the date on which this defendant was first notified or aware of the condition; and

      (b)    the name and address of any person who will testify to same at the trial of this matter.

44.    Do you or your representative have any information or knowledge that the elevator was repaired, adjusted or serviced following your alleged accident for the purpose of remedying or otherwise correcting that condition complained of in your complaint?

      (a)    the date of each such repair, service or adjustment;

      (b)    the name of the person or organization performing each repair, adjustment or service;

      (c)    the result of each repair, adjustment or service;

      (d)    the identity of any report or memorandum prepared as a result of each repair, adjustment or service, as well as the name and address of the person presently having possession or custody of same; and

    (e)    the name and address of any person who will testify to same at the trial of this matter.

45.    Does the plaintiff or anyone on the plaintiff's behalf have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, plans, blueprints, sketches or other descriptions regarding, in any way relating to, or concerning the incident alleged in the Complaint including, without limitation, any photographs made of the plaintiff, the elevator in question, any similar elevator, or any comparable elevator.  If so, as to each such item, state:

    (a)    the nature of same;

    (b)    its specific subject matter;

    (c)    the date same was made or taken;

    (d)    the name and address of the person making or taking same;

    (e)    what same purports to show, illustrate, or represent; and

(f)      the name and address of each person having custody of same.

46.      Has the plaintiff or anyone on the plaintiff's behalf ever made claim for any benefits under any insurance policy, or against any person, or entity, including workmen's compensation carrier for personal injuries or any physical condition which he has not heretofore been listed in Answers to Interrogatories?  If so, state:

(a)      the injury or condition for which each claim was made;

(b)      the name and address of the person or entity to whom or against whom each claim was made;

(c)      the date of each claim;

(d)      each claim number and policy number, if any;

(e)      the date, nature, and amount of any payment(s) received.

47.    With respect to the injuries claimed to have been suffered as a result of the incident alleged in the Complaint, state:

      (a)    the nature and extent of any disability;

      (b)    the location of any pain suffered and the duration and intensity of such pain;

      (c)    whether or not plaintiff's normal activities were restrained in any way due to the injuries claimed to have been suffered and the nature, extent, and duration of such restraint, if any;

      (d)    the inclusive dates plaintiff was:

           (i)    confined to bed;

           (ii)    confined to home.

48.    State whether you have sought employment of any type since the date of the accident referred to in the Complaint and if you have, state the following:

      (a)    the date(s) when all such employment was sought;

(b)    the name and address of the entity with whom you sought employment;

(c)    the specific type of employment applied for;

(d)    the name and address of the individual(s) with whom you spoke at the entity where employment was sought;

(e)    whether you were offered employment and, if so, the position offered and rate of pay;

(f)    if offered employment, the reason(s) why the offer was not accepted; and

(g)    if employment was not offered, the reason(s) why.

49.    Prior to the date of the alleged occurrence, had you ever used the elevator which allegedly caused or contributed to cause your injuries?

50.    If your answer to Interrogatory No. 49 is in the affirmative, please state the approximate dates and times of any such use.

51.    Were you carrying or holding any object at the time of your alleged accident?

52.    If your answer to Interrogatory No. 51 is in the affirmative, please describe any object that you were carrying or holding in complete detail including its weight and size and also the method or manner in which you were carrying or holding any such object.

53.    Please describe the type of shoes you were wearing at the time of your alleged accident including the size and material composition of the heel and sole.

54.    Was your accident investigated by the police department?

55.    If you claim that negligence of any other person contributed to cause your alleged injury or damage, please state the name of the person and the manner in which they contributed to cause your injury or damage.

56.    Had you ever made any complaints about the operation of the elevator located in Cooper Hospital before the date of your alleged accident?

57.    If your answer to Interrogatory No. 56 is in the affirmative, please state the date of the complaint, the substance of the complaint, and the name, address, and title of the person to whom you made the complaint.

58.    Before the date of your alleged accident had you ever been a passenger on the elevator located in Cooper Hospital when the elevator malfunctioned in any way?

59.    If your answer to Interrogatory No. 58 is in the affirmative, please state the date on which the elevator malfunctioned, the location of the elevator, and describe the malfunction.

60.    Please state the time of the alleged accident, giving the year, month, day, hour and minute.

61.    Please describe fully and in as much detail as possible the location of the elevator in which you allege you were a passenger at the time of your alleged accident, including any identifying numbers or markings on the elevator.

62.    Please state the purpose, reason, or occasion for your presence on the premises of

Cooper Hospital at the time of your alleged accident.


63.    Please describe in complete detail how your alleged accident occurred, stating all events in detail in the order in which they occurred.


64.    List all witnesses you intend to call at the time of trial, and state their present home address and business address.


65.    For each person identified in the answer to Interrogatory 64, state whether they are a fact or damage witness and provide a summary of their expected testimony.


66.    State:

(i)    whether you intend to use any book, magazine or other publication at the trial of this case; and

(ii)    if so, describe the publication in detail by author, publisher and copyright
        date.


                        KITTREDGE, DONLEY, ELSON, FULLEM
                        & EMBICK, LLP


        BY:_____
                        KEITH E. JOHNSTON - #27692
                        421 Chestnut Street - 5th Floor
                        Philadelphia, PA 19106
                        (215) 829-9900

                        Attorney for Defendants,
                        Schindler Elevator Corporation and
                        Millar Elevator Service Company