IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBOARAH SOEDER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3962 |
| | : | |
| MILLAR ELEVATOR SERVICES and | : | |
| SCHINDLER USA | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                 **January 12, 2005**

In this personal injury lawsuit, Plaintiff, Deborah Soeder ("Soeder"), seeks to voluntarily dismiss her case under Federal Rule of Civil Procedure 41(a). Soeder argues dismissal is proper because she is currently prosecuting her case in the Superior Court of New Jersey and therefore her federal action is unnecessary and judicially wasteful. Defendants Millar Elevator Services ("Millar") and Schindler Elevator Company ("Schindler") oppose Soeder's Motion to Dismiss, arguing they would suffer legal prejudice if denied the federal forum. For the reasons that follow, we grant Soeder's voluntary Motion to Dismiss.

Federal Rule of Civil Procedure 41(a)(2) governs the voluntary dismissal of federal actions.[1] This Court has discretion over whether to grant a Rule 41(a) motion. *Shulley v. Mileur*,

---

[1] Fed.R.Civ.P. 41(a)(2) states: "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise

1

115 F.R.D. 50, 51 (M.D. Pa. 1987).  The purpose of Rule 41(a)(2) is to prevent "voluntary dismissals which will prejudice the opposing party . . . ." *Shulley*, 115 F.R.D. at 51 (citing *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 190 (E.D. Pa. 1982)); 9 Wright & Miller § 2364.

Generally, voluntary dismissals should be permitted unless the Defendant will suffer some plain legal prejudice.  *Citizens Sav. Ass'n v. Franciscus,* 120 F.R.D. 22, 24 (M.D. Pa. 1988).  A party suffers legal prejudice if it loses some "vested" or "substantial right." *Pouls v. Mills*, 1993 U.S. Dist. LEXIS 11134 (E.D. Pa. 1993), *aff'd*, 27 F.3d 558 (3d Cir. 1994).  In determining whether a dismissal would deprive the Defendant of a substantial right, the Court should consider: "1) the excessive and duplicative expense of a second litigation;  2) the effort and expense incurred by the defendant in preparing for trial; 3) the extent to which the current suit has progressed; and 4) the [P]laintiff's diligence in bringing the motion to dismiss." *Citizens Sav. Ass'n.*, 120 F.R.D. at 25.  A party will not suffer prejudice simply because the Plaintiff "proposes to refile his claim in another court or seeks some tactical advantage . . . ." *Pouls,* 1993 U.S. Dist. LEXIS 11134 at 3;  *See also Selas Corp. of America v. Wilshire Oil Co.*, 57 F.R.D. 3 (E.D. Pa. 1972).

Soeder argues her voluntary Motion to Dismiss does not prejudice Millar and Schindler because the federal action has not been pursued by either party.  She claims the parties have not conducted meaningful discovery, no trial date has been set and no motions for summary judgment are pending.  Soeder also claims the state action is closer to completion than the federal action.  Millar and Schindler respond they would be prejudiced if the federal action was

---

specified in the order, a dismissal under this paragraph is without prejudice."

dismissed at this stage of the litigation. They claim they have served all their federal discovery,[2] the federal action is the only way in which they can obtain additional discovery because the discovery deadline in the state action has passed, and the subpoena power of the state court is more limited than the subpeona power of this court.

Millar's and Schindler's arguments fall short of establishing legal prejudice. First, Defendants have not put excessive expense into preparing for the federal trial and Defendants will not suffer substantial duplicative expense preparing for the state litigation. The majority of Defendants' discovery was taken in state court. The limited discovery Defendants took in the federal action is also applicable to the state action. Second, the federal action has not progressed so far as to make dismissal prejudicial. The Rule 16 conference was recently held and no trial date was set. Dismissal of the action will leave the Defendants in a position that is essentially no different from the position they occupied before the suit was filed. Accordingly, we enter the following:

**ORDER**

And now this 12th day of January, 2005, it is hereby Ordered that Plaintiff's Motion to Dismiss is Granted with prejudice.

BY THE COURT:

Juan R. Sánchez, J.

---

[2] Defendants claim that Plaintiff did not answer the interrogatories and request for production served on June 25, 2002. Plaintiff argues that she answered the interrogatories and produced the documents as part of the state case and that Defendants never filed a motion to compel the answers in the federal action.